IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROBERT TORRES,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S STIPULATED MOTION TO CONTINUE TRIAL<br><br><br>Case No. 1:11-CR-49 TS |

Defendant moves to continue the June 20, 2011 trial because "defense counsel needs additional time to prepare."[1] The government has no objection.

The Court finds that Defendant has not provided sufficient information for the Court to grant a continuance as requested. As the Tenth Circuit has explained:

> Our decisions . . . indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. . . .

---

[1] Docket No. 19.

1

Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough.[2]

In *United States v. Larson*,[3] the Tenth Circuit further explained what is insufficient for the Court to make the required ends-of-justice findings necessary to exclude time. As in *Larson*, in the present case there is no information on "how much time defense counsel need[s] to prepare for trial and what preparations he has already made."[4] Without this type of information, the Court can not "adequately determine whether denying the continuance would deprive defense counsel of the 'reasonable time necessary for effective preparation, taking into account *the exercise of due diligence*.'"[5] It is therefore

ORDERED that Defendant's Stipulated Motion to Continue trial (Docket No. 13) is DENIED WITHOUT PREJUDICE.

DATED   June 20, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2]*United States v. Toombs*, 574 F.3d 1262, 1271-72 (10th Cir. 2009) (footnote and citations omitted).

[3]627 F.3d 1198 (10th Cir. 2010).

[4]*Id*. at 1207.

[5]*Id*. (quoting 18 U.S.C. § 3161(h)(7)(B)(iv)) (emphasis added in *Larson*).